## Case No. 9,437.

### MERCHANT et al. v. LEWIS.

[1 Bond, 172.] 1

Circuit Court, S. D. Ohio. Dec. Term, 1857.

PATENTS — INFRINGEMENT — COSTS — VERDICT — TRIPLE DAMAGES—DISCRETION OF COURT.

1. Under section 14 of the patent act of 1836 [5 Stat. 123], which provides substantially that where a verdict is rendered for an infringement of a patent right, it shall be competent for the court to render judgment for any sum not exceeding three times the amount of the verdict, as the circumstances of the case may require. with costs, the right of the plaintiff for costs follows from a verdict in his favor for any amount of damage, whether nominal or compensatory, and without any reference to the action of the court in adjudging an increase of damages.

2. The discretion given to the court by said section was clearly to meet the case of a willful and aggravated violation of a patent right, in which the jury had failed to do full justice to the plaintiffs.

1 [Reported by Lewis H. Bond, Esq.. and here reprinted by permission.]

[This was an action by Merchant and Humphrey against James Lewis to recover damages for the infringement of letters patent granted to Zebulon and Austin Parker, Oct. 19, 1829.]

Lee & Fisher, for plaintiffs.
Corwin & Probasco, for defendant.

OPINION OF THE COURT. This is an action to recover damages for an infringement of the exclusive right of the plaintiffs to the improved water-wheel, patented by Zebulon and Austin Parker. Upon the trial, the jury returned a verdict against the defendant for five dollars; and judgment has been entered on the verdict, including full costs. The defendant has filed a motion for a retaxation, on the ground that a verdict in a patent case for nominal damages does not entitle the plaintiff to costs. The decision of the question presented on this motion depends wholly on the construction to be given to section 14 of the patent act of 1836 (5 Stat. 123), which provides in substance that where a verdict is rendered for an infringement of a patent right, it shall be competent for the court to render judgment for any sum not exceeding three times the amount of the verdict, as the circumstances of the case may require, with costs.

It is insisted by the counsel for the defendant, that under the section referred to, the plaintiffs can not recover costs, except in cases where the damages found by a jury have been trebled by the court. This would seem to be an exceedingly technical construction of the statute, not required by its phraseology, and obviously in conflict with its intention. The right of the plaintiff to costs follows from a verdict in his favor for any amount of damages, whether nominal or compensatory, and without any reference to the action of the court in adjudging an increase of damages. The discretion given to the court was clearly to meet the case of a willful and aggravated violation of a patent right, in which the jury had failed to do full justice to the plaintiff. In such a case costs are awarded; but there is nothing to negative the plaintiffs' right to recover them, if the court should refuse to exercise the discretion which the statute confers. A verdict for damages, whatever may be the amount, implies that the defendant has been a wrong-doer in the unauthorized use of the plaintiff's exclusive right under his patent; and such a verdict will carry costs. It is not a just inference, in a patent right case, that because nominal damages are found by the jury, the action is necessarily frivolous or vexatious. It happens, not unfrequently, that the owner of a patent is compelled, for the protection of his rights, to sue for an infringement, under circumstances in which he neither seeks to recover nor asserts a right to anything beyond mere nominal damages. This may be necessary for the establishment of his patent. and to prevent infringements. And, as by the legislation of

congress, the circuit courts of the United States have exclusive jurisdiction in patent cases, it would be a great hardship if he were subjected to the costs in thus asserting his legal rights.

It may also be remarked, in answer to the views urged by the defendant's counsel, that if sustainable it would result that costs against a defendant could not be recovered in any patent case where the verdict was less than five hundred dollars, unless the court, in its discretion, should treble the damages found by the jury. Such a construction would most injuriously affect the rights of many meritorious patentees, and would be in opposition to the spirit and design of the patent laws. The case referred to by counsel, Kneass v. Schuylkill Bank [Case No. 7,876], in which it was ruled that costs were not recoverable by the plaintiff in a patent case, unless the judgment amounted to five hundred dollars, arose under the patent act of 1793 [1 Stat. 318]. By section 5 of that act the rule of damages was three times the price for which the thing patented was usually sold or licensed; but there was no provision giving the plaintiff a right to costs. The court held that as the statute did not give costs, they could not be recovered unless the judgment was for five hundred dollars or upward. Then, by the provision of section 20 of the judiciary act of 1789 [1 Stat. 83], the plaintiff was entitled to full costs. The motion for a retaxation is therefore overruled.

[For other cases involving this patent, see note to Parker v. Hatfield. · Case No. 10,736.]